## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE ESTATE OF SUSAN FARRELL, | ) | |
| by its Administrator, Jesse Farrell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| KIRKHAM-MICHAEL, INC. EMPLOYEE | ) | |
| STOCK OWNERSHIP PLAN, | ) | COMPLAINT |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

### COMPLAINT

COMES NOW the Plaintiff, the Estate of Susan Farrell (hereinafter referred to as "**Farrell**"), by and through its attorney Stephen D. Marso of the law firm Whitfield & Eddy, P.L.C., and states as follows for its causes of action against the Defendants:

### DESIGNATION OF PLACE OF TRIAL

1.      Plaintiff hereby designates Omaha, Nebraska as the place of trial.

### PARTIES

2.      Farrell is an estate organized and existing pursuant to the laws of the State of Iowa.

3.      Defendant Kirkham-Michael, Inc. Employee Stock Ownership Plan (hereinafter referred to as "**Kirkham-Michael**") is a corporation and it is incorporated and its principal place of business is in Omaha, Douglas County, Nebraska.  It can be served with process by serving Kevin D. Larsen, 12700 West Dodge Road Omaha, NE 68154.

## JURISDICTION AND VENUE

4.     Diversity jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties, who are citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Farrell's claims occurred in Nebraska.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

6.     Kirkham Michael & Associates, Inc. (hereinafter referred to as "KMA"), is a Nebraska corporation formed on March 11, 1946.

7.     KMA was contracted by the State of Iowa, the City of Waukee, the City of West Des Moines, and Iowa Department of Transportation, to design and engineer the Grand Prairie Diverging Diamond Interchange, on I-80 between Waukee and West Des Moines, Iowa.

8.     The interchange was opened to the public on December 1, 2015.

9.     Late on March 25, 2016 and into the morning of March 26, 2016, Officer Susan Farrell and Officer Carlos Puente-Morales were travelling East bound on I-80 when they were struck head-on by a vehicle travelling West bound in the East bound lanes.

10.     The driver that was travelling West bound in the East bound lanes entered the highway using the Diverging Diamond Interchange designed by KMA.

11.     KMA's actions were a cause of the death of Officer Susan Farrell in such a manner that the Estate of Susan Farrell is a creditor of KMA effective March 26, 2016.

-2-

12.     Farrell filed a separate action for judgment against KMA, in the Iowa District Court for Polk County, docketed as Case No. LACL140694 (the "State Law Action").

13.     KMA is owned by Defendant, Kirkham Michael Inc. Stock Ownership Plan (the "Plan").

14.     On or after March 26, 2016, KMA became insolvent.

15.     After March 26, 2016, KMA transferred money in the nature of dividends to the Plan (the "Transfers").

16.     Such Transfers were not for consideration or reasonably equivalent value.

## COUNT I: VOIDABLE TRANSACTION ACT

17.     Farrell hereby incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

18.     The Plan is a "Debtor," as that term is defined by 2019 Neb. Laws 70 § 2(5).

19.     The Plan is an "Insider" and "Affiliate" of KMA, as those terms are defined by 2019 Neb. Laws 70 § 2(1) and (8).

20.     Farrell has been a "present creditor" of Kirkham-Michael, for purposes of 2019 Neb. Laws 70 § 2(4), since March 26, 2016.

21.     KMA is "insolvent" as set forth in 2019 Neb. Laws 70 § 3 or became insolvent as a result of the Transfers.

22.     KMA made the Transfers to the Plan with actual intent to hinder, delay, or defraud a creditor of KMA, including but not limited to Farrell.

23.     KMA made the Transfers to the Plan without receiving a reasonably equivalent value in exchange for the Transfers.

24.     At the time of the Transfers, KMA was engaged in a business or a transaction for which the remaining assets of KMA were unreasonably small in relation to the business or transaction, or KMA intended to incur, or believed or reasonably should have believed that KMA would incur, debts beyond KMA's ability to pay as they became due.

WHEREFORE Farrell requests judgment against the Defendant in the amount determined to be the debt owed Farrell by KMA in the State Law Action, or the total amount of the Transfers, whichever is lesser pursuant to  2019 Neb. Laws 70 § 5(a)(1), 5(a)(2), 6(a), and 6(b).

FURTHER, Farrell requests such other equitable and injunctive relief against the Defendants to prevent further transactions, or to seize and liquidate the other assets of the Defendants as the Court deems appropriate pursuant to 2019 Neb. Laws 70 § 8.


Respectfully submitted,

*/s/* Stephen D. Marso
Stephen D. Marso
WHITFIELD & EDDY LAW, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
Phone: (515) 288-6041
Fax: (515) 246-1474
E-mail: marso@whitfieldlaw.com
*Attorneys for Plaintiff*

-4-